**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | § | CASE NO. 25-11157-smr |
|  | § |  |
| Dalio Holdings I LLC | § |  |
|  | § |  |
| Debtor | § | CHAPTER 11 |
|  | § |  |

**WCW'S MOTION (I) TO DISMISS FOR CAUSE WITH A BAR TO
REFILING PURSUANT TO 11 U.S.C. §§ 1112(b) and 349(a); AND
(II) FOR RELATED RELIEF**

WCW HOUSTON PROPERTIES, LLC ("WCW") files this Motion ("Motion") (I) to Dismiss for Cause with a Bar to Refiling Pursuant to 11 U.S.C. §§ 1112(b); and (II) for Related Relief, and states as follows:

**PRELIMINARY STATEMENT**

1. *Mr. Ali Choudhri ("Choudhri") is again "trifling with this Court." See U.S. v. Cuervas-Sanchez, 821 F.2d 248, 250 ("A juxtaposition of such contentions trifles with the Court"). It is especially troubling here because Mr. Choudhri is taking inconsistent positions under oath on his filed schedules.*

2. Although the Debtor has filed a Motion to Dismiss (on negative notice) [Dalio Case, Docket No. 13], this Debtor and Choudhri should not be able to dismiss this case without consequences.

3. This Court should enter an Order (i) dismissing this case for cause pursuant to section 1112(b); and (ii) barring this Debtor from refiling bankruptcy for cause pursuant to section 349 for a period of five (5) years. Further, Choudhri (i) should be judicially estopped from claiming that Texas REIT, LLC ("TR") does not own the TR Property (as defined below); and (ii) should be subject to a gatekeeping order requiring Choudhri to file a motion for leave before

1

bringing any claims (in any forum) that are inconsistent with ownership of the TR Property by TR. See *Smith v. Terry,* 2024 U.S. App. LEXIS 10091 (5TH Cir. 2024). Moreover, to the extent necessary, this Court should lift the automatic stay for cause pursuant to section 362(d)(1) in the Dalio bankruptcy to prevent any impact on the Sale Process (as defined below) and the Adversary (as defined below).

4.      The bankruptcy system is in place to pay creditors. Instead of paying creditors, the Debtor and its alleged manager, Ali Choudhri, are attempting to use the bankruptcy system to avoid paying creditors and to put Ali Choudhri's personal interests before the interests of creditors. Ample "cause" exists to dismiss this case, including but not limited to: (i) the filings in this case demonstrate inconsistent statements, non-disclosure, and misrepresentations; (ii) the Findings (as defined below) in the TR Case demonstrate that Choudhri, the individual controlling Dalio, has a pattern of delaying proceedings, neglecting his fiduciary duties, and asserting positions for himself over creditors; and (iii) the filing of the Dalio bankruptcy was made to delay and relegate issues.

## **JURISDICTION**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

6.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## **RELEVANT BACKGROUND**

7.      On July 30, 2025 ("Petition Date"), Dalio Holdings I LLC ("Dalio Debtor" or "Debtor") filed a voluntary petition for protection ("Dalio Case") under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

8.      Choudhri signed the petition under penalty of perjury indicating that he was the Manager of the Debtor.

9.      On August 13, 2025, the Debtor filed its Schedules and Statement of Financial Affairs ("Dalio Schedules"). Dalio Case, Docket No. 8. Choudhri signed the schedules under

penalty of perjury indicating that he was the Manager of the Debtor.

10.     On the Dalio Schedules, the Debtor lists real property located at 8050-8098 Westheimer in Houston Texas (the "TR Property") as being owned fee simple by the Debtor Dalio. The Dalio Schedules fail to disclose (i) any claim against Texas REIT; or (ii) the Adversary that Dalio is involved in related to the Texas REIT bankruptcy.

11.     On August 21, 2025, the Dalio Debtor filed its Motion to Dismiss.  Remarkably, Dalio's Motion to Dismiss (i) is inconsistent with Dalio's Schedules, and (ii) effectively admits a bad faith filing, i.e., the bankruptcy filing's sole purpose was to act as a stay pending appeal of the judgment appointment the Receiver.

**Texas REIT Bankruptcy**

12.     On February 6, 2024, Texas REIT, LLC ("TR") filed its voluntary petition under Chapter 11 of the Bankruptcy Code in the Western District of Texas Bankruptcy Court with case number 24-10120 ("TR Case").

13.     On March 5, 2024, TR filed its Schedules and Statement of Financial Affairs ("TR Schedules") and, on June 28, 2024, amended the TR Schedules.  See TR Case, Docket Nos. 28 and 168.  Choudhri signed the TR Schedules under penalty of perjury as Member of TR.

14.     On the TR Schedules, Choudhri lists the TR Property as being owned fee simple by TR.

**Chapter 11 Trustee Displacing Choudhri**

15.     On March 10, 2025, WCW filed its Motion to Appoint a Chapter 11 Trustee.  See TR Case, Docket No. 506 incorporated herein by reference.

16.     On April 11, 2025, the Court granted the Trustee Motion and made its oral ruling on the record.  See TR Case, Docket No. 582, Transcript of Oral Ruling ("Transcript") incorporated herein by reference.

17.     In pertinent part, the Court made the following findings

Based on the evidence presented, the instances of mismanagement, incompetence, continuing losses, repeated delays, acrimonious relationships between the Debtor's management and creditors, self-dealing by Mr. Choudhri, conflicts of interest of Mr. Choudhri, an appearance of impropriety and preceding this case -- in this case, trustworthiness issues regarding Mr. Choudhri and the Debtor, confidence or lack thereof in the business community and of creditors in this present case regarding Mr. Choudhri's management, and the benefits that would be derived from an appointment of a trustee, an independent trustee -- excuse me, an independent trustee lends credibility and -- to this process on a going forward basis.

See Transcript, page 21, lines 6-18.

18.     Further, the Court made, among other findings, the following specific findings:

- Mr. Choudhri caused "repeated unexplained delays" related to selling the TR Property Transcript, page 22, line 17.

- "Mr. Choudhri has neglected his fiduciary duties to the estate of the Debtor, to this Debtor, and the creditors of this estate" Transcript, page. 23, line 5.

- Mr. Choudhri (i) "asserts positions for himself" and he asserts "positions for Dalio [and] for Jetall."; (ii) deploys delay tactic and things of that nature to address issues that relate to him individually, Dalio and Jetall; (iii) repeatedly wasted estate resources asserting his personal position; and (iv) has unavoidable conflicts of interest and is engaging in self-dealing.  Transcript, pages 23-24.

- The Court recognized the pending litigation including the Adversary, other adversaries, and the receivership issues and found that this contentious litigation was impacting unnecessarily the bankruptcy case and causing further delay.  Transcript, pages 24-25.

- The Court further found that the Court has no confidence in Choudhri's management abilities and that there was evidence the business community has no confidence in Choudhri.  Transcript, pages 26-27.

19.     The decision and findings, including as set out in this Motion, by this Court (the "Findings") were findings related not only to TR but specifically related to Choudhri, the principal in control of TR.

**Sale Process for TR Property**

20.     After over a year of delay by Choudhri, the Chapter 11 Trustee has made the

appropriate filings, including obtaining orders hiring a broker and implementing bid procedures, to effectively and properly market the TR Property for a sale that will maximize value for the estate ("Sale Process"). See TR Case, Docket Nos. 649 and 651.

**Lien Determination Adversary**

21. In 2023, WCW sought and obtained judgment against the Debtor and Dalio Holdings I, LLC's ("Dalio I") and Dalio Holdings II, LLC's ("Dalio II") (Dalio I and Dalio II are collectively referred to as "Dalio") in Cause No. 2017—35320 in the 151st District Court of Harris County (the "State Court Lawsuit" or "Adversary").

22. On June 6, 2024, the 14th Court of Appeals ("State Appeal Court") affirmed in part and reversed in part the final summary judgment order. The State Appeal Court concluded, "We affirm the trial court's summary judgment finding in favor of WCW on its breach of note claim except the amount of damages. We reverse the trial court's summary judgment finding of damages on WCW's breach of note claim and of equitable subordination of Dalio I's lien to WCW's lien. We remand to the trial court for proceedings consistent with this opinion."

23. Therefore, it is clear that the issues in the Adversary are confined to (i) whether Dalio I's lien should be equitably subordinated; and (ii) the amount of damages owed to WCW for breach of the note.

24. On August 2, 2024, after removal from state court, the Adversary was transferred to this Court.

25. On November 18, 2024, WCW filed the Amended Complaint in the Adversary primarily to conform the Amended Complaint to the Federal Rules of Civil Procedure.

26. On December 17, 2024, the Debtor and Dalio answered the Amended Complaint and also asserted counterclaims.

27. On January 6, 2025, WCW filed motions to dismiss the Debtor's and Dalio's

counterclaims.

28. On January 13, 2025, the Debtor amended its answer withdrawing its counterclaims.

29. On January 28, 2025, Dalio filed its response to WCW's motion to dismiss.

30. The Adversary has been abated and, because of Choudhri's actions, has been delayed from proceeding. WCW requests that this Court enter a scheduling order for this Adversary that will allow for a trial, if necessary, before the end of this year.

**Receivership Issues**

31. Receivership Orders have been entered in the Harris County District Court, cause no. 2012-27197 appointing Travis Vargo as receiver over Choudhri. The Receiver is proceeding pursuant to his authority with respect to Choudhri's interests, including various interests in LLCs and other entities. In order to delay and obfuscate the Receiver's authority, Choudhri has filed multiple bankruptcies, including the Dalio bankruptcy, for his related entities ("Receivership Issues"). The Dalio Debtor filed bankruptcy, upon information and belief, days before the Receiver had filed (and set a hearing for) a motion to confirm the Receiver's control of the membership interests of Dalio. Further, since that time, Choudhri filed chapter 11 bankruptcies for Meandering Bend LLC (WDTX case no. 25-51814) and Memorial Glen Cove LLC (WDTX case no. 25-51840).

## **RELIEF REQUESTED**

32. The Motion should be granted. This Court should enter an Order (i) dismissing this case for cause pursuant to section 1112(b); and (ii) barring this Debtor from refiling bankruptcy for cause pursuant to section 349 for a period of five (5) years. Further, Choudhri (i) should be judicially estopped from claiming that Texas REIT, LLC ("TR") does not own the TR Property; and (ii) should be subject to a gatekeeping order requiring Choudhri to file a motion for leave

6

before bringing any claims (in any forum) that are inconsistent with ownership of the TR Property by TR. See *Smith v. Terry,* 2024 U.S. App. LEXIS 10091 (5TH Cir. 2024).

33. Section 1112(b) states in pertinent part:

…the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate

11 U.S.C. §1112(b) (emphasis supplied)

34. Section 1112(b) of the Bankruptcy Code contains a non-exhaustive list of occurrences which may constitute cause for dismissal or conversion of a Chapter 11 case. The phrase "for cause" is not defined by the statute to allow the bankruptcy court flexibility in determining whether or not a case was filed in good faith. *In re Little Creek Development Co.,* 779 F.2d 1068, 1072 (5th Cir. 1986).

35. The *Little Creek* factors include the following hallmarks of bad faith filings: (i) The debtor has no employees, except for the principal(s); (ii). The debtor has little or no cash flow; (iii) The debtor has no available sources of income to sustain a plan of reorganization or make adequate protection payments; (iv) There are only a few unsecured creditors with relatively small claims compared to the secured claims in the case; (v) The case is a two-party dispute between the debtor and a single creditor (or consolidated group of creditors) and (vi) The debtor's primary asset is about to be sold or transferred, and the debtor has failed to prevent the sale or transfer in state court. *Little Creek Dev. Co.*, 779 F.2d at 1073; *see also In re McMahan,* 481 B.R. 901, 916 (Bankr. S.D. Tex. 2012) (adding the existence of a two-party dispute as a *Little Creek* factor).

36. Findings of lack of good faith are based on an overall review of the circumstances on a case by case basis. *Id.* at 1072. Neither the "for cause" factors enumerated in 11 U.S.C. § 1112(b) nor the factors contained in Little Creek are exhaustive and the court may use its equitable powers to consider each individual case. *Little Creek,* 779 F.2d at 1072-1073. Analysis

of cause under § 1112(b) is "case-specific, focusing on the circumstances of each debtor" and requires consideration of the totality of the debtor's circumstances. *In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987).

**Cause Exists for this Court to Dismiss this Case**

37.     Considering the totality of the Debtor's circumstances, including certain of the *Little Creek* factors, the Court should find that there is cause to dismiss this case as filed in bad faith under section 1112(b).

38.     **Inconsistent Statements, Non-disclosure, and Misrepresentations** – The filings in the Dalio Case are evidence that Choudhri is trifling with this Court by, among other things, the following: (i) on their face, the Dalio Schedules as compared to the TR Schedules demonstrate that this Debtor and Choudhri are being dishonest with this Court because the Dalio Schedules state that the TR Property is owned by Dalio when the TR Schedules and the record in the TR Case demonstrate that TR owns the TR Property and Choudhri made numerous representations to this Court that the TR Property is owned by TR; (ii) TR is not listed on the Dalio Schedules, but, Dalio filed a proof of claim in the TR Case; and (iii) the Dalio Schedules do not disclose the Adversary.

39.     **Findings by this Court** – The Findings by this Court in the TR Case demonstrate that Choudhri, the individual controlling Dalio, has a pattern of delaying proceedings, neglecting his fiduciary duties, and asserting positions for himself over creditors.  Further, this Court and the business community have no confidence in Choudhri.

40.     **No cash flow** - According to the Dalio Schedules, Dalio does not have any cash flow and hasn't had any for the last several years.

41.     **No income to fund a plan** – The Dalio Schedules indicate that Dalio has no income and has not had any revenue for the last several years.

42.     **Filed to delay the Sale Process, the Adversary, and the Receivership Issues** –

8

Dalio appears to have filed this case to delay or relitigate issues related to the Sale Process, the Adversary, and the Receivership Issues.

43. Taking the totality of the circumstances into account and weighing the *Little Creek* factors, the Court should dismiss this case.

44. **1112(B)(4)(A)** – Alternatively, the Dalio Case should be dismissed under section 1112(B)(4)(A) based on "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

45. **Section 305(A)** – Alternatively, this case should be dismissed pursuant to section 305(a).

**Cause Exists to Bar Refiling by Dalio**

46. Cause exists to bar refiling by Dalio for a period of five (5) years. Section 349(a) states the following:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. §349(b).

47. Courts have found cause to bar refiling based on a debtor's vexatious conduct, lack of honest intent, willfully using bankruptcy to delay payment to creditors, and making frivolous filings. See *In re Parson,* 632 B.R. 613 (Bankr. N.D. Tex. 2021).

48. As stated herein, Choudhri and Dalio have demonstrated cause pursuant to section 349(a). In addition to the inconsistent positions taken under oath with respect to the Dalio Schedules and the TR Schedules, the Dalio Motion to Dismiss admits that the sole purpose of the Dalio bankruptcy filing was to obtain a stay pending appeal of the order appointing Receiver.

49. This Court should bar Dalio from refiling for a period of five (5) years.

**Choudhri Should Be Subject to a Gatekeeping Order and Judicial Estoppel**

50. Choudhri has taken inconsistent positions under oath regarding ownership of the TR Property, and therefore, Choudhri (i) should be judicially estopped from claiming that TR does not own the TR Property; and (ii) should be subject to a gatekeeping order requiring Choudhri to file a motion for leave before bringing any claims that are inconsistent with ownership of the TR Property by TR. See *Smith v. Terry,* 2024 U.S. App. LEXIS 10091 (5TH Cir. 2024).

**Cause Exists to Lift the Automatic Stay**

51. To the extent necessary, this Court should lift the automatic stay for cause pursuant to section 362(d)(1) in the Dalio bankruptcy to prevent any impact on the Sale Process and the Adversary. "'Cause' as used in § 362(d)(1) has no clear and limited definition and, therefore, is determined on a case by case basis." *In re Tex. State Optical, Inc.,* 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995).

52. As discussed above, cause exists to dismiss the Dalio bankruptcy filing based on a bad faith filing. For the same reasons discussed herein, there is cause to lift the automatic stay in the Dalio Case to prevent any impact on the Sale Process.

53. WCW respectfully requests that this Court grant the Motion.

Dated: August 22, 2025   Respectfully submitted,

/s/ Eric Terry
**Eric Terry**
Texas Bar No. 00794729
**Tom A. Howley**
Texas Bar No. 24010115
HOWLEY LAW PLLC
700 Louisiana St., Suite 4220
Houston, Texas 77002
Telephone: 713-333-9125
Email: tom@howley-law.com
Email: eric@howley-law.com

-and-

**Kevin Powers**
Texas Bar No. 24041715
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056-6560
Telephone: 713.552.1234
Email : kpowers@spencerfane.com

***Counsel to WCW Houston Properties, LLC***

## CERTIFICATE OF SERVICE

I certify that on August 22, 2025, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case and on August 22, 2025, I served the attached service list by regular mail.

*/s/ Eric Terry*
Eric Terry