**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 25-11157-smr** |
| | § | |
| **Dalio Holdings I LLC** | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**JOINDER BY TRAVIS VARGO, COURT APPOINTED**
**RECEIVER, TO WCW'S MOTION (I) TO DISMISS FOR CAUSE WITH A BAR TO**
**REFILING PURSUANT TO §§1112(b) AND 349(a); AND**
**(II) FOR RELATED RELIEF [ECF 15]**

TO THE HONORABLE SHAD ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

TRAVIS B. VARGO, Court-Appointed Receiver[1] ("**Receiver**") files this his _Joinder To WCW's Motion (I) To Dismiss For Cause With A Bar To Refiling Pursuant To §§1112(B) And 349(A); and (II) For Related Relief [ECF 15][2]_ and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334.

2. This matter is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)

**ADDITIONAL RELEVANT FACTS**

3. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment,

---

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled _Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri_, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled _Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle_, pending in the 333rd Judicial District Court of Harris County, Texas.

[2] WCW's Motion (I) To Dismiss For Cause With A Bar To Refiling Pursuant To §§1112(B) And 349(A); and (II) For Related Relief [ECF 15] is hereinafter referred to as the "**WCW Motion**"

---

entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "**D-Case**") Thereafter, on April 8, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "**Receivership Order**").  A true and correct copy of the Receivership Order is attached hereto as Exhibit 1 and incorporated herein for all purposes.  The Receivership Order gave the Receiver *exclusive control* over the following assets, among others:

13)    "Dalio Receivership Assets" refers to all assets owned by Dalio I and/or Dalio II, as well as all right, title, ownership, and interest in and to all of the following:

    a.  The "IBC Note," which refers to that Real Estate Lien Note dated May 28, 2008, payable by Texas REIT, LLC to International Bank of Commerce in the original principal amount of $8,640,000.00 (see *Ex. 1 to Motion*).

    b.  The "IBC Deed of Trust," which refers to that Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement dated May 28, 2008, executed by Texas REIT, LLC in favor of International Bank of Commerce to secure the IBC Note (see *Ex. 1 to Motion*).

    c.  All funds, cash and/or amounts in any bank account or other account collected and/or received by Dalio I or Dalio II, including but not limited to those arising out of or relating to the IBC Note.

    d.  All rights, claims and causes of action that Dalio I and/or Dalio II has against Texas REIT, LLC, including but not limited to claims for amounts owed under the IBC Note and/or the IBC Deed of Trust.

    e.  All claims and causes of action that Dalio I and/or Dalio II has against WCW Houston Properties, LLC ("WCW"), including but not limited to those asserted in Cause No. 2017-35320, and that were removed to the Bankruptcy Court.

    f.  The defense of all claims and causes of action asserted by WCW against Dalio I and/or Dalio II, including but not limited to those asserted in Cause No. 2017-35320, and that were removed to the Bankruptcy Court.

4.    On July 30, 2025, months after the entry of the Receivership Order, and with actual knowledge of that order, Ali Choudhri ("**Choudhri**") filed the instant bankruptcy

proceeding[3].  On August 13, 2025, Choudhri, as Manager of Dalio, signed under penalty of perjury, the Schedules and Statements of Financial Affairs (the "**Dalio SOFA**") filed as ECF 8 in the Dalio Bankruptcy.  The representations made by Choudhri in the Dalio SOFA materially misrepresent the actual facts known to Choudhri and prior statements made by Choudhri under penalty of perjury.  Specifically, the representations of Choudhri at SOFA 8 that no property of Dalio is in the hands of a receiver within 1 year before the filing date is wholly contravened by the Receivership Order.  *See* Dalio SOFA, pg. 24 of 33.  Further, Choudhri represents at SOFA 28 that he owns 0.00% of Dalio.  *See* Dalio SOFA, pg. 31 of 33.  Just two weeks earlier, Choudhri submitted his *Defendant's Declaration Pursuant to Civil Practice & Remedies Code Chapter 132* in the D-Case which declared to the court in the D-Case that he was the owner of Dalio, among other entities (the "**Choudhri Declaration**").  A true and correct copy of the Choudhri Declaration is attached hereto as Exhibit 2 and incorporated herein by reference for all purposes.

5.      The Receiver also has control over all non-exempt assets of Choudhri, individually, pursuant to the Receivership Order entered in the D-Case as well as a companion receivership order entered in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "**A-Case**"). A true and correct copy of the A-Case Receivership Order is attached hereto as Exhibit 3 and incorporated here for all purposes. Accordingly, all actions taken by Choudhri, individually, in connection with the instant case and any other proceeding before this Court and any other bankruptcy proceeding pending in the Western District of Texas, including *In Re: 1001 WL, LLC* – Case No. 24-10119-

---

[3]  Case No. 25-11157-smr styled In re Dalio Holdings I LLC (hereinafter referred to as "**Dalio**" or the "**Dalio Bankruptcy**").

smr, *In Re: Meandering Bend, LLC* – Case No. 25-51814-mmp; *In Re: RIC (Lavernia) LLC* – Case No. 24-51195-mmp, and In Re: Texas REIT, LLC – Case No. 10120-smr, are solely available to the Receiver and not properly exercisable by Choudhri pending the satisfaction of the judgment which forms the basis of the Receivership Order and the A-Case Receivership Order.

## RELIEF REQUESTED AND JOINDER BY THE RECEIVER

### A. Dismissal for cause with a bar to refiling.

6.      The Receiver specifically joins with WCW in its request for dismissal of the Dalio Bankruptcy for cause  as set forth above and for the reasons more fully set forth in the WCW Motion with a bar to any further bankruptcy filing for Dalio by or on behalf of Choudhri.  The Receiver would show the Court that the bar should be for the earlier of five years or the date on which the judgment which forms the basis of the Receivership Order and the A-Case Receivership Order is satisfied in full.

### B. Entry of a gatekeeper order.

7.      The Receiver specifically joins with WCW in its request for the entry of a gatekeeping order requiring Choudhri to file a motion for leave with this Court prior to any further filing for relief under Title 11 for Dalio or taking any action contrary to or in contravention of the Receivership Order and/or the Case-A Receivership Order relative to Dalio.  *See Smith v. Terry*, 2024 U.S. App. LEXIS 10091 (5th Cir. 2024)

### C. Recognition that the Receiver Order vests all rights, claims and defenses of Dalio in the Adversary[4] to the Receiver

8.      The Receiver requests that this Court, prior to the dismissal of the case, take judicial notice of the Receivership Order and confirm that the Receiver holds all of

---

[4] As defined in the WCW Motion to Dismiss

the rights, privileges and duties afforded and imposed on him in the Receivership Order.

### D. Determination that Choudhri is the sole member of Dalio

9. The Receiver requests that the Court, consistent with the Choudhri Declaration, find that Choudhri is the sole member of Dalio Holdings I LLC and bar Choudhri from taking any action contrary to or in contravention of the Choudhri Declaration without first obtaining leave of this Court. *See Smith v. Terry*, 2024 U.S. App. LEXIS 10091 (5th Cir. 2024)

### E. Determination that Dalio Holdings I LLC is not an operating limited liability Company

10. The Receiver requests that the Court find, based upon the Schedules and Statements of Financial Affairs and the Dalio SOFA filed at ECF 8, that Dalio is not an operating entity in that it is a single member limited liability company with no present revenue, no employees, and no bank account.

### PRAYER

WHEREFORE, PREMISES CONSIDERES Travis Vargo, Receiver, respectfully requests that this Court dismiss Dalio Bankruptcy on the terms and conditions more fully set forth above, together with such other and further relief at law or in equity to which the Receiver may show himself to be justly entitled.

#     #     #

Dated this 25th day of August 2025.

Respectfully submitted,

Luttrell **+** Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.   210.426.3600
Fax   210.426.3610

By: /s/ Leslie M. Luttrell
     Leslie M. Luttrell
     State Bar No. 12708650
     luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, COURT-APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 25th day of August 2025 I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

| **Debtor** | **Attorney for Debtor** |
|---|---|
| Dalio Holdings, LLC | Ronald Smeberg |
| 1001 W. Loop S | The Smeberg Law Firm |
| Ste 700 | 4 Imperial Oaks |
| Houston, TX 77027 | San Antonio, TX 78248 |

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell